IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL W. COSBY, M.D.,                         :
                                             :
                    Plaintiff,               :
                                             :     3:10-CV-01881
v.                                           :
                                             :     (JUDGE MARIANI)
RENEE MAGNOTTA, et al.,                      :
                                             :
                    Defendants.              :

## MEMORANDUM OPINION

### I.    Introduction

Presently before the Court is a Motion for Reconsideration (Doc. 93) filed by the

Defendants. The Motion asks the Court to reconsider its Opinion of February 24, 2014, in

which the Court granted in part and denied in part Defendants' Motion for Summary

Judgment and denied Plaintiff's cross-Motion for Summary Judgment in its entirety. For the

reasons discussed below, the Court will deny the Motion for Reconsideration.

### II.   Procedural History

The Court recounted a detailed factual background of this case in its summary

judgment Opinion. (See Mem. Op., Feb. 24, 2014, Doc. 85, at 2-9.) That discussion is

incorporated herein. But, briefly stated, the case arises out of the legality of a site

inspection by the Drug Enforcement Administration and the Pennsylvania Office of the

Attorney General's Bureau of Narcotics Investigation and Drug Control, conducted on

Plaintiff Dr. Paul Cosby's remote Wayne County property, and of the Cosby's subsequent criminal prosecution. By the time this case proceeded to the summary judgment stage, four claims remained. They were for unlawful seizure under 42 U.S.C. § 1983 (Count I), for unlawful search under § 1983 (Count II), for conspiracy to violate § 1983 (Count III), and, finally, for supervisory liability, against one William Fox, the supervisor of the Pennsylvania agent whose actions form the crux of the Complaint (Count VII). (*Id.* at 1-2.) Defendants sought summary judgment on all claims, while Plaintiff only sought summary judgment on the first two. (*Id.*)

In its February Opinion, the Court granted summary judgment to the Defendants on the Plaintiff's unlawful search claim. (*See id.* at 15-20.) However, it denied summary judgment to all parties on the unlawful seizure claim, (*see id.* at 10-15) and further denied Defendants' requests for summary judgment on the conspiracy and supervisory liability claims, (*see id.* at 20-24).

Defendants[1] then submitted the instant Motion for Reconsideration on the grounds that (1) the Court "committed a clear error of law in ruling that a seizure occurs" under the facts of this case and (2) the Court "committed a clear error in fact in ruling that Dr. Cosby subjected himself to an alleged show of authority by Defendants; that no evidence existed regarding whether travel restrictions, requirements to report to pretrial services, or other

---

[1] Plaintiff requests no reconsideration of his own denial.

2

restrictions were imposed on Dr. Cosby;[2] and that Dr. Cosby was forced to immediately

submit to fingerprinting." (Defs.' Mot. for Recons., Doc. 93, at ¶¶ 1-2.) These requests

focus only on the Court's denial of summary judgment on the unlawful seizure claim.

However, as Defendants correctly note, if the Court were to reconsider its decision and

grant summary judgment on the unlawful seizure claim, then the conspiracy and supervisory

liability claims, which are derivative of an unlawful seizure, must fail as well. (See Defs.'

Brief in Supp. of Mot. for Recons., Doc. 94, at 11 n.9.)

## III.    Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or

fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909

(3d Cir. 1985).

> Accordingly, a judgment may be altered or amended if the party seeking
> reconsideration shows at least one of the following grounds: (1) an
> intervening change in the controlling law; (2) the availability of new evidence
> that was not available when the court granted the motion for summary
> judgment; or (3) the need to correct a clear error of law or fact or to prevent
> manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Moreover, "motions for reconsideration should not be used to put forward arguments which

the movant . . . could have made but neglected to make before judgment." United States v.

Jasin, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations

---

[2] The parties do not brief this second argument of ground (2) in any of the Motion papers. The
Court, however, concludes that the argument is encompassed within the discussion that follows, and thus
does not require a separate ruling.

omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) (*rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## IV. Analysis

### a. Alleged Errors of Law

At the outset, what Defendants identify as "errors of law" are in fact better characterized as "points of disagreement between the Court and the litigant," and thus not a proper subject for a motion for reconsideration.

In the course of its Opinion denying summary judgment, the Court reviewed a series of cases bearing on the issue of when certain assertions of governmental authority, which do not amount to a physical arrest, may cause a significant enough deprivation of liberty as to constitute a seizure under the Fourth Amendment. (*See* Doc. 85 at 11-12.) Primarily, the Court relied on the case of *California v. Hodari D.*, 499 U.S. 621, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991), for the proposition that "an arrest need not only be effected through direct physical force: 'where that is absent, *submission* to the assertion of authority' can constitute an arrest." (*Id.* at 11 (quoting *Hodari D.*, 499 U.S. at 626).) It then discussed two precedential Third Circuit opinions, *Gallo v. City of Philadelphia*, 161 F.3d 217 (3d Cir.

4

1998), in which the Circuit found that certain pretrial restrictions on a criminal defendant's

liberty constituted a seizure, and *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d

Cir. 2005), in which the Circuit found that other, less onerous, restrictions did not rise to the

level of a seizure. (*See* Doc. 85 at 11-12.) The Court concluded that "Cosby's pretrial

restrictions appear to fit somewhere in between those imposed in *Gallo* and *DiBella*," and

then went on to specify the reasons why. (*Id.* at 12-13.)

Defendants' argument for reconsideration amounts to a reargument of the meaning

of the above (and other) cases, in which Defendants, among other things, interpret the

relevant passages of *Hodari D.* as dicta, (Doc. 94 at 4), and disagree with the Court's

determination that Cosby's pretrial restrictions fit between those found to constitute seizures

in *Gallo* and those found not to constitute seizures in *DiBella*, (*id.* at 10-11 ("Simply put,

since the Third Circuit found the *multiple* constraints on liberty in *Gallo* to be a 'close

question' and found in *Karam* [*v. City of Burbank*, 352 F.3d 1188, 1193-94 (3d Cir. 2003)]

that no seizure had occurred even when a plaintiff had to voluntarily turn herself in or be

arrested and then she was required to seek permission of the court before leaving the state,

then no seizure occurred here . . . .") (internal citations omitted).)

These are legitimate positions to take. However, the Court already considered and

rejected them in its summary judgment Opinion. And while Defendants would have

evidently reasoned otherwise, they have provided the Court with no evidence that its

decision was wrong as a matter of law. The Court cannot agree with Defendants'

mechanical application of *Gallo* and *DiBella*, in which someone in Cosby's position is

precluded as a matter of law from advancing an unlawful seizure claim. Rather, as

discussed in the Court's summary judgment Opinion, *Gallo* and *DiBella* represent two points

on a spectrum for determining when an unlawful seizure did or did not occur. Because both

cases are fact-intensive, the best that this or any Court can do to apply them is to determine

how closely analogous they are to the facts of the present case. The Court concluded that

Cosby's case fell somewhere between the two, and therefore, while it may turn out that a

seizure did not occur, the Court could not so conclude as a matter of law.

As such, Defendants' Motion for Reconsideration is denied to the extent it seeks

reconsideration of "errors of law."

### b. Alleged Errors of Fact

Next, Defendants argue that the Court committed several errors of fact. First,

Defendants argue:

> [T]he Court relied on a mischaracterization of the facts, in addition to the law,
> by concluding that a seizure occurred and citing to Dr. Cosby's assertion: 'Dr.
> Cosby was threatened by Defendant Magnotta who showed her authority in
> restraining the liberty of Dr. Cosby by stating that she would come pick him up
> if he would not surrender' so he 'subjected himself to Defendant Magnotta's
> assertion of her authority by appearing [] with a threat of arrest loorning over
> his head.'"

(*Id.* at 7-8.)

This argument mischaracterizes the Court's holding. For one, the Court never

"conclud[ed] that a seizure occurred." Instead, it wrote, after considering the pretrial

6

restrictions imposed on Cosby: "While these restrictions could at most give rise to a less

obvious seizure than would have occurred if Magnotta physically handcuffed Cosby and

brought him to the courthouse, the Court believes they are nonetheless *sufficient to create a*

*jury question* on whether Cosby was in fact seized." (Doc. 85 at 13 (emphasis added).)

The Opinion is clear that the Court only determined that there was sufficient ambiguity in the

facts of Cosby's case to send the issue to the jury, and that the Court did not make any

independent determination that a seizure occurred.

  Next, the Court cannot comprehend how it committed an "error of fact" by "citing" to

an argument which Cosby made on the record.  The full context of the Court's quotation is

as follows:

> [The Court first summarized the applicable case law on seizures that do not
> amount to a full-blown arrest, then continued:]  In this respect, Cosby argues
> that
>
>> [w]hen his criminal defense attorney received a contact advising him
>> that an arrest warrant had issued, Dr. Cosby was threatened by
>> Defendant Magnotta who showed her authority by restraining the
>> liberty of Dr. Cosby by stating that she would come pick him up if he
>> would not surrender.    Clearly, Dr. Cosby subjected himself to
>> Defendant Magnotta's assertion of her authority by appearing at the
>> Office of the District Justice with a threat of arrest looming over his
>> head.

(*Id.* at 11-12 (quoting Pl.'s Brief in Opp. to Defs.' Mot. for Summ. J., Doc. 73, at 5).)  It is

undisputed that the Court accurately quoted Cosby's statement.  Whether that statement

turns out to be factually inaccurate, unreliable, or contradicted by other facts in the record,

as Defendants assert, (*see* Doc. 94 at 8), is immaterial at the summary judgment stage,

where "[i]nferences should be drawn in the light most favorable to the non-moving party [i.e., Cosby], and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true," *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

For the same reasons, Defendants' argument that the Court improperly "relied on the assertion that 'Dr. Cosby . . . was not released until he submitted for fingerprints, and a mug shot,'" (*see* Doc. 94 at 9 (quoting Doc. 85 at 13)), also fails. In their answer to Cosby's Statement of Material Facts in Support of Summary Judgment (Doc. 55), Defendants admit that, following the preliminary hearing, "Cosby was then fingerprinted and photographed at the Pennsylvania State Police Gibson Barracks," (*see* Defs.' Counterstatement of Mat. Facts, Doc. 69, at ¶¶ 112-13). Defendants now argue that the Court's statement "implies that Dr. Cosby was held in custody," and that, in reality, "[t]here are no facts that imply that Dr. Cosby had no input into choosing when to be fingerprinted or that he was required to proceed directly from appearing for arraignment to fingerprinting and processing." (Doc. 94 at 9.) Further: "[t]here is no factual support here to imply that Dr. Cosby was unable to choose to be fingerprinted at another time or date, or that he was unable to go home, run errands, or visit friends before proceeding to fingerprinting." (*Id.* at 10.)

The Court agrees that no such evidence existed in the summary judgment record. Accordingly, Defendants essentially ask the Court, at the summary judgment stage, to enter judgment because the non-moving party failed to prove Defendants' negative construct.

Defendants claim that, because there was no support for the proposition that Cosby *could not have* chosen to be fingerprinted immediately after arraignment, then the Court must find that he was not in fact in custody. This would have been an improper use of the summary judgment standard, which would shift the burden of proof to the non-moving party, and then require the nonmovant to prove what would have occurred under a set of facts which cannot be discerned from the record and which would only have relevance in connection with Defendants' argument—which we reject—that Plaintiffs, at this stage, must be made to prove a negative to proceed to trial. Because the parties agree that Cosby was fingerprinted and photographed at the police barracks immediately following his arraignment, and only disagree as to the extent that this constituted a deprivation of liberty, the Court believes that it was correct in finding that a dispute of fact existed sufficient to avoid summary judgment.

### c. Status of Defendants' Arguments

In holding the foregoing, the Court should not be interpreted as precluding Defendants from advancing any of the arguments raised in the Motion for Summary Judgment or the Motion for Reconsideration at trial. The Court has not now—nor ever— ruled that a seizure occurred in this case. The Court has only found that sufficient evidence existed to create a jury question on whether a seizure occurred. The parties will be free to argue the issues related to that question at trial.

## V.    Conclusion

Based on the foregoing considerations, Defendants' Motion for Reconsideration

(Doc. 93) is **DENIED**.  A separate Order follows.


Robert D. Mariani
United States District Judge